The next argued case is number 18-1283, Zottarella v. Secretary of Veterans Affairs, Mr. Dohakis. Well, thank you very much. On behalf of Mrs. Zottarella, we appreciate this opportunity to present our case. May it please the Court. We raise two issues on appeal here. The first, I think most important, is the jurisdiction of the Court of Appeals for Veterans Claims to find facts in the first instance when performing its statutorily required harmful error analysis. This really turns on the meaning of Section 38 U.S.C. Section 7261C within the scope of that review. The second issue is whether the Court erred in failing to apply the natural effects presumption articulated in Mayfield v. Nicholson and confirmed in Vasquez-Flores. As we talked about in our brief, the entire premise of the harmless error analysis as articulated both at the U.S. Supreme Court and in this Court and in the Veterans Court is predicated on the desire to allow courts to dispose of appeals without needless remands. And I think we all agree that that's a very worthwhile goal. However, these courts have also explained that the idea of the harmful error, or at least a part of it, is to ensure that the appellant has a fairness in the process and a meaningful opportunity to participate. The rule announced in this Court in Milichick, I'm hoping I'm pronouncing that correctly, discusses at length the APA's rule of prejudicial error and ends up finding that the Veterans Court has the authority to conduct de novo review of facts, even where the Board of Veterans Appeals never considered any of those. But you're not disputing that the veteran knew what he should file? I am disputing that, ma'am. Yes, ma'am. When you look at the record, I know that we can't – you guys can't look at facts, but when you look at the record – We're not you guys. We're the United States Court. Yes, ma'am. Yes, sir. So when you look at the record, and we identified on our brief, on page 13, our opening brief, there were three statements from his representatives. And Mr. Zottarella never made any overt statement on his claim. The first two talked about asking for an increased rating. The issue was whether he could reopen a previously denied claim. And the law requires that to do that, you must present new and material evidence. The Court found that the VA had never informed Mr. Zottarella what he needed to tell the VA in order to reopen his claim or substantiate his claim. So all along, Mr. Zottarella had been presenting evidence and asking for, through his representatives, an increased rating for his hearing loss, which implies that he has already been service-connected, and he's just asking for the proper rating. His third representative, which we labeled as DAV3, and this is page 24 of the appendix, argued, or stated, the only significant issue to be resolved is whether the veteran was, in fact, exposed to acoustic trauma in service. In fact, the issue was whether he had a nexus from his exposure to acoustic trauma to his current disability. So I would say, in answer to your question, that he did not know what he needed to present, and the Board never determined that he did. The Court did at the very last stage of the process of this appeal. So when we consider the harmless error analysis, we must keep in mind that 7261C directs that in no instance shall the Court of Appeals of Veterans Claims conduct a novel fact review. And when you look at the structure of the statute, this Court in Melichick talked about the fact that there was a directive to review the record on appeal and use that as a basis to find that the Court could, in fact, conduct a de novo review. However, we could not find any case that specifically discussed 7261C in the context of a harmless error analysis. There are plenty of cases, both at this Court and at the lower Court, which talks about Chenery Doctrine and the fact that the Veterans Court is not allowed to conduct a de novo review in the merits-based section or stage of deciding the appeal, but nothing we could find ever discussed how that applies to a harmless error analysis. How do you respond to the argument that the language, take due account of the rule of prejudicial error, which is directed the Court of Veterans Appeals, must include, how can the Court of Veterans Appeals take account of the rule of prejudicial error without considering some fact findings? There can be fact findings that they, well, they can clearly erroneously find that a fact made by the Board was clearly erroneous. So you're saying that in a situation where the Court of Veterans Appeals is considering the rule of prejudicial error, they have to always make sure the Board has actually considered the prejudicial error issue and made fact findings thereon before they can consider it? No, ma'am. There's no predicate that the Board had to have considered harmless error. But doesn't harmless error, to the extent it has a fact finding, you're saying that the Board has to make the fact finding in the first instance. That's what your argument is, right? Not whether there was harmless error. The fact finding that the Board has to make first is the basis for determining that it was harmless error. So if the— Why would the Board even go into that without considering the harmless error doctrine? Well, there, I would, I agree that it's rare, but there are situations, and there have been other cases, and I think Fletcher was one. Not Fletcher. We cited into our brief at least one case where the Court upholds the Board's decision based on some other fact, something that the Board had already considered in another section, not necessarily pertinent to that specific issue, but the Board had already considered that fact and said, this is what we find. And so we would say that, we would argue that the Court could use those other facts to uphold or to find harmless error. And in the context of harmless error, there's not only fact finding that can find something harmless. If the veteran was not eligible for the benefit as a matter of law, the Court can perform that function under jurisdiction and find harmless error even if there was an egregious error. Or if, you know, for some other legal reason, the veteran was not entitled to it or did not, was not harmed by it, then they could find harmless error without going into the very detailed fact finding that is not the purview of the Veterans Court. And you agree that Fletcher, I don't know how to say it either, Melachek, I don't know how to say it, Melachek and Newhouse resolved this question against your client, right? Yes, ma'am, we agree with that. We were asking, we are arguing that that was incorrect and does not take into consideration 7261C. And I know that the panel is bound by precedent. And so we are urging an en banc proceeding to review that and consider the role of 7261C within the context of prejudicial error analysis or harmless error analysis. So if we, they agree that it was an error. What, in your view, should happen next? You're asking for a reversal, is that right? And just that the requested benefits should be granted? Or are you requesting another opportunity at the record? Ma'am, we are not asking for a grant of benefits. The stage of his appeal when it came to the court was trying to reopen a previously denied claim. We would ask for a reversal simply by, well, we would ask that you vacate the Veterans Court's decision because they exceeded their jurisdiction and remand it for a new decision that does not involve a de novo fact finding, which probably would end up in being a remand for Mr. Zottarello to have another opportunity to present his reopened claim. And in a situation like that... Well, then that would be a de novo fact finding, would it not? At the board, ma'am. Yes. Yes, ma'am. Which the board is permitted to do and actually is required to do by statute. That's within their jurisdiction. The Veterans Court cannot perform the de novo review. And in this case, I think it would be appropriate because, as I mentioned, he never knew what he needed to tell the VA to substantiate his claim. He all along said, I'm trying to get an increase. One representative said that he was trying to show that he was exposed to acoustic trauma. And I think that the danger inherent in the de novo fact finding is highlighted here because... The board below determined that your client had actual knowledge of what he needed to submit. That's a fact, isn't it? That's a fact, factual determination. The board determined that? I'm looking at Judge Kramer's opinion. The August statement fully articulates the new material evidence standard and argues that Appellant's evidentiary submissions constituted new material evidence, thus demonstrating actual knowledge. Yes, Your Honor. So he knew. He wasn't prejudiced. He knew. The court determined that. The board never made that determination that he had actual knowledge. The Board of Veterans' Appeals, the agency, never addressed that issue. They did say there was harmless, any error is harmless, which I would argue, one, doesn't tell us anything, and two, is not substantiated or may not be substantiated because there's no meat to that and the reasons and basis was lacking to allow the court proper review of that decision. The fact that Mr. Zottarella knew what he was required to submit to prove his claim was made first by the Court of Veterans' Appeals and not by the board. They didn't pull that out of the air. This is really the problem with the appeal. It seems that they did say it was error, but he had knowledge, so it didn't, harmless. And I haven't heard the answer to that. There must have been something before the board or the court for them to think that the veteran knew what else he needed to provide. Yes, Your Honor. The court cited to his representative statement that I mentioned earlier on page 24 of the appendix, but again, the statement is that he was, here's evidence showing that he was exposed to trauma in service, which is one part of proving service connection. To reopen the claim, he needs material evidence. The issue originally was denied because he did not have a nexus, a connection between the acoustic trauma and his current disability. So he presented evidence for one part that was not at issue. He didn't need to show evidence that he was exposed to trauma in service. He needed to show that he was exposed, that he had a nexus opinion. And the danger is highlighted here because Mr. Zottarella never got a chance to get a second review on appeal. The veterans, the board's statutory jurisdiction requires, I'm sorry, yes, the board's jurisdictional statutes require one decision on appeal. And the court is precluded from finding de novo facts for this very reason. At a very late stage, for a veteran who had three different representatives who all presented different things to the board, who himself was pro se, is at a distinct disadvantage when the court conducts a de novo review. And this court cannot review facts. So he's stuck without being able to prove his claim at all, really, because of the nature of when the facts were made and how the jurisdiction of each higher level addresses that. Okay, let's hear from the VA. Yes, ma'am. I'll save you time. Ms. Kaprosky, you see the problem, right? When actually the VA agrees or concedes or whatever that there was error. Yes, Your Honor. So the secretary at the Veterans Court conceded that there was error committed by the board. So the question remaining before the Veterans Court was whether that error committed by the board caused prejudice to Mr. Zottarella. Mr. Zottarella's position is that the board had to consider in the first instance whether its error, it did not know it was committing, caused prejudice to Mr. Zottarella, which makes no sense and would completely nullify this. No, but counsel says that he didn't know to provide all of the things that he should have provided in the atmosphere, the obligation of a better and sympathetic regime. Shouldn't he have had another opportunity rather than saying, we're not going to look at it anymore? I'm sorry, I'm not sure I understand, Your Honor. Try to understand. Now that we know that there was error, conceded error, and in trying to decide whether it's harmless, and so counsel says it was harmful. So counsel made that argument at the Veterans Court, and the Veterans Court made a decision as a matter of fact, which Mr. Zottarella's counsel has just conceded, this court does not have jurisdiction to review the factual matter that the Veterans Court determined, no, Mr. Zottarella had actual knowledge and rejected the arguments presented to the Veterans Court that he lacked that knowledge. But this panel is absolutely bound by Newhouse and Milichik, which I also don't know how to pronounce. And Mr. Zottarella has not presented any arguments that would cause this court to take an en banc review and to reconsider those decisions. And I believe before, mentioned by counsel this morning, he's never asked for an en banc review. So this is the first time he's even asserting that an en banc review is necessary to overturn Newhouse and Milichik. He might petition for rehearing en banc. Pardon? He might petition for rehearing en banc after this court issues its decision. Which would certainly be within his... Still, he has the entitlement to do that. Right. I didn't mean to assert, Your Honor, that he's somehow waived it. It's just this panel, obviously, is bound by it. And if he wants en banc review, which is necessary in order to overturn those decisions, it's incumbent upon him to request it. How many times did he have an opportunity to present his case? When I look at a summary of what's happened through the years, he had many opportunities to prove his case. How many times? Your Honor, I would have to review exactly how many times. I mean, too many to count. Well, more than a few. Too many to remember. And importantly, that opportunity has still not been closed. Mr. Zottarella, should he come forward with new and material evidence that would prove this causal nexus, he may still come forward and present that and reopen his previously denied claim. When you say come forward, you mean before what? The BVA or the regional office? I believe he would come forward at the regional office level, and then if denied, it would go... No, I'm sorry. If he wants to reopen this claim, I believe that's done at the board. I may have misspoken. But in any event, if he possesses new and material evidence that meets the standard, he can come tomorrow and present that to the VA and attempt to have his case reopened, which is part of the reason why under 2111, this court can't do anything anyway. Because this court is bound to look at whether or not any error would affect Mr. Zottarella's substantial rights. So the question is, does he have evidence that could substantiate the causal nexus between his hearing loss and his service? And he's not identified any. He's not made an attempt to identify any. He has stated, well, I could have collected this type of evidence, but he's not alleged that this type of evidence actually exists. So at the end of the day, whether it was harmless error at the Veterans Court level or harmless error here, there's no difference in his substantial rights. But Mr. Zottarella is incorrect that 7261B and C, when read together, would preclude this, excuse me, the Veterans Court from making factual determinations in the first instance. 7261C discusses findings of facts made by the secretary, which would presume that the findings of facts were, one, actually made, and two, were solely within the authority of the board to make. Findings of prejudice, as this court has held repeatedly, as the Supreme Court in Sanders has discussed, are not the type of findings that are solely delegated to the secretary at the board level or at the regional office level. All right. Mr. Zottarella's second argument based on Mayfield is also not with merit. Mr. Zottarella contends that the Veterans Court ignored the Mayfield natural effects test, but that test was determined and decided by the Supreme Court in Sanders, in which the court said that while the Veterans Court may be able to continue to rely on generalized, non-binding assumptions, those assumptions are non-binding and must be supported by case-specific evidence. So the Veterans Court still had the obligation to go through on a case-by-case basis in light of the record in front of it and make a determination as to prejudice. The Supreme Court rejected this mandatory framework that put the burden on the secretary to prove that an error was harmless and that obligated the court under certain situations to just assume that all errors had the natural effect of being prejudicial. I'm happy to address any other questions that the court has. Otherwise, we respectfully request that the court dismiss for lack of jurisdiction or any alternative from the Veterans Court. Thank you, Ms. Kaprosky. Yes, ma'am. Thank you. A couple of things on, I'm sorry, one point on what the secretary argued. We never argued, as we said earlier, that the BVA needs to find harmless error, and that is reviewed. We argued simply that the basis for finding harmless error at the Veterans Court should be based on a fact that was already been determined by the board. Judge Lora, you mentioned that there were many opportunities for Mr. Zottarella throughout here to prove his claim, but I would say, I would just reply to that, that he never had a meaningful opportunity to participate because he didn't know what he was supposed to tell the VA or give them. I think we've now heard from the secretary that if there's additional information, he can come in with it. Isn't that what's needed? Yes, ma'am. The only remedy that would do the veteran any good? Yes, ma'am. Well, that's getting service connection, but if he were to present it today, his benefits would start today rather than however many years ago when he originally filed this claim, and he's losing out potentially on 10 plus years of back benefits and all of the other benefits that go along with that to include health care and some other things. Mayfield, I want to mention, and I apologize that this is at such a late stage, I only read it last night on the plane ride over here. The Veterans Court issued a decision, Simmons v. Wilkie, docket 16-3039 on 20 September, and they confirmed that Mayfield and Vasquez-Flores, which we argued, gives them the authority to apply a natural effects presumption, is still good law, and they established that they have that authority to do so under Sanders. And in my last minute, despite the fact that the secretary asserted that Mr. Zottarella never told anybody yet what evidence he has or that he has evidence. However, when you look at Sanders, the appellant Simmons was in a similar situation, was not told what she needed to present to reopen her claim or to approve her claim, I'm sorry, and the Supreme Court said, given the uncertainties, we believe it is appropriate to remand this case so the Veterans Court can decide whether reconsideration is necessary. It's an analogous factual situation where there was some evidence for and against, and I would just also like to point out that the Veterans Court jurisdiction requires that the benefit of the doubt apply in all cases, including under the harmless error analysis. That may or may not apply in this case, given the court's factual determination, but when the court exceeds its jurisdiction, its ruling cannot stand, and so we urge this court to overturn the decision and send it back for the court to apply. Thank you. Thank you. Thank you both. The case is taken under submission.